IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JERAMIAH L. RISCH, | ) | CASE NO. 3:15 CV 1798 |
| | ) | |
| Petitioner, | ) | JUDGE JACK ZOUHARY |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| MICHELLE MILLER, | ) | |
| | ) | |
| Respondent. | ) | **REPORT & RECOMMENDATION** |

## Introduction

Before me[1] is the petition of Jeramiah L. Risch for a writ of habeas corpus under 28 U.S.C. § 2254.[2]  In 2013,  Risch pled guilty to unlawful sexual conduct with a minor and attempted witness intimidation[3] in the Ottawa County Court of Common Pleas and is serving a sentence of five years.[4]  He is currently incarcerated at the Belmont Correctional Institution in St. Clairsville, Ohio.[5]

---

[1] This matter was referred to me under Local Rule 72.2 by United States District Judge Jack Zouhary by non-document order dated September 17, 2015.

[2] ECF # 1.

[3] ECF # 11-2 at 9.

[4] *Id*. at 10.

[5] http://www.drc.state.oh.us/OffenderSearch

In his petition, Risch raises one ground for habeas relief.[6]  The State has filed a return of the writ arguing that the petition should be dismissed as it is without merit.[7] Risch has filed a traverse.[8]

For the reasons that follow, I will recommend Risch's petition be denied.

## Facts

### A.    Underlying facts, conviction, and sentence

The facts that follow come from the decision of the appeals court.[9]

On March 25, 2013, upon Risch's entering of a guilty plea, the Ottawa County Court of Common pleas found him guilty of unlawful sexual contact with a minor, in violation of R.C. 2907.04(A), and attempted witness intimidation, in violation of R.C. 2923.02.[10]  Risch was sentenced to five years for the count of unlawful sexual conduct with a minor, and seventeen months for the count of attempted witness intimidation to be served concurrently.[11]

---

[6] ECF # 1.

[7] ECF # 11.

[8] ECF # 17.

[9]  Facts found by the state appellate court on its review of the record are presumed correct by the federal habeas court. 28 U.S.C. § 2254(e)(1); *Mason v. Mitchell*, 320 F.3d 604, 614 (6th Cir. 2003) (citing *Sumner v. Mata*, 449 U.S. 539, 546-47 (1981)).

[10] ECF #11-2 at 49.

[11] *Id.*

**B.    Motions to withdraw plea**

*1.    First motion to withdraw plea*

On October 31, 2013, Risch moved to withdraw his guilty plea based on allegations of ineffective assistance of counsel.[12]  The State responded[13] and Risch filed a reply adding the claim that the State withheld a second set of DNA tests results until Match 2012, when he already waived his right to a speedy trial.[14]  On January 15, 2014 the trial court denied the motion to withdraw.[15]

*2.    Second motion to withdraw plea*

On May 2, 2014, Risch again moved to withdraw his guilty plea claiming that the State withheld DNA test results until after he had waived his speedy trial rights.[16]  The State responded[17] and Risch replied.[18] On May 30, 2014, the trial court denied Risch's second motion to withdraw.[19]

---

[12] *Id*. at 13.

[13] *Id*. at 19.

[14] *Id*. at 22.

[15] *Id*. at 25.

[16] *Id*. at 27.

[17] *Id*. at 34.

[18] *Id*. at 37.

[19] *Id*. at 39.

## C.     Direct Appeal

### 1.     *Ohio Court of Appeals*

a.     *First motion for delayed appeal*

On June 23, 2014, Risch, *pro se*, filed a motion for delayed appeal[20] arguing that he was prejudiced by the State's withholding of critical exculpatory evidence in violation of *Brady v. Maryland*.[21]   The State opposed the motion[22]   On July 17, 2014, the Court of Appeals denied the delayed appeal because Risch had failed to file a notice of appeal as required by App.R. 5(A).[23]

b.     *Second motion for delayed appeal*

On September 11, 2014, Risch again moved for a delayed appeal to pursue his *Brady* claim.[24]   Risch justified the delay in filing his appeal by stating that he had difficulty accessing legal materials and counsel.[25]     Risch also filed a motion for assignment of counsel and for the transcript of proceedings at the state's expense.[26]   On October 14, 2014,  the Court of Appeals denied the motion stating that the defendant had not set forth sufficient

---

[20] *Id*. at 40.

[21] *Brady v. Maryland*, 373 U.S. 83, 87 (1963).

[22] ECF # 11-2 at 47.

[23] *Id*. at 49.

[24] *Id*. at 52.

[25] *Id*. at 53-54.

[26] *Id*. at 68.

reasons for his more than one year delay in filing a notice of appeal and denied all pending motions as moot.[27]

**2.      The Supreme Court of Ohio**

Risch, *pro se*, thereupon filed a timely[28] notice of appeal with the Ohio Supreme Court.[29] In his brief in support of jurisdiction, he raised the following proposition of law:

1.      The Sixth Appellate district court erred in denying the defendant appellant's motion for delayed appeal.[30]

The State opposed jurisdiction.[31] On April 8, 2015, the Supreme Court of Ohio declined to accept jurisdiction of the appeal pursuant to S.Ct.Prac.R. 7.08(B)(4) and dismissed the case.[32]

---

[27] *Id*. at 73.

[28] *Id. See* Ohio S.Ct.Prac.R. 7.01(A)(5)(b) (To be timely, a notice of appeal must be filed within 45 days of entry of the appellate judgment for which review is sought.); *See, Applegarth v. Warden*, 377 F. App'x 448, 450 (6th Cir. 2010) (discussing forty-five day limit) (unreported case). *Id.* Here, the appellate judgment was entered on October 14,2014 and the notice of appeal filed in the Supreme Court on November 24, 2014.

[29] *Id.* at 74.

[30] *Id*. at 78.

[31] *Id*. at 106.

[32] *Id*. at 112.

**D.    Petition for writ of habeas corpus**

On September 3, 2015, Risch, *pro se*, timely filed[33] a federal petition for habeas

relief.[34] As noted above, he raises one ground for relief:

GROUND ONE:    The appellate court erred in [not] allowing the defendant-petitioner to file an appeal for assignments of errors to be addressed.

Supporting Facts:    In this case, Mr. Risch is not a bar licensed attorney who practices law on a regular basis, Mr. Risch notified the court that he intended to appeal the conviction in case number 13-CR-017 (and subsequently case number 11-CR-163), in this notification he failed to provide the formal notification of appeal with the court.  When Mr. Risch did file the proper documents the appeal was denied based on the amount of time that passed.  Ohio has established a system for review in a criminal matter, namely the right to appeal to the district court.  While Mr. Risch did not facially satisfy the courts requirement to file the proper documents, his intent was clear, he wanted to appeal the conviction. The Sixth Appellate Court subsequently denied this right, violating Mr. Risch's constitutional rights.[35]

## Analysis

**A.    Preliminary observations**

Before proceeding further, I make the following preliminary observations:

1.    There is no dispute that Risch is currently in state custody as the result of his conviction and sentence by an Ohio court, and that he was so incarcerated at the time he filed this petition. Thus, he meets the "in

---

[33]  The present petition for federal habeas relief was filed on September 3, 2015. ECF # 1. As such, it was filed within one year of the conclusion of Risch's direct appeal in the Ohio courts and so is timely under 28 U.S.C. § 2254(d)(1).

[34]  ECF # 1.

[35]  *Id*. at 5.

-6-

custody" requirement of the federal habeas statute vesting this Court with jurisdiction over the petition.[36]

2.    There is also no dispute, as detailed above, that this petition was timely filed under the applicable statute.[37]

3.    In addition, Risch states,[38] and my own review of the docket of this Court confirms, that this is not a second or successive petition for federal habeas relief as to this conviction and sentence.[39]

4.    Moreover, subject to the arguments raised by the State, it appears that these claims have been totally exhausted in Ohio courts by virtue of having been presented through one full round of Ohio's established appellate review procedure.[40]

5.    Finally, Risch is not represented by counsel, and has not requested the appointment of counsel,[41] nor has he requested an evidentiary hearing to develop the factual bases of his claims.[42]

---

[36] 28 U.S.C. § 2254(a); *Ward v. Knoblock*, 738 F.2d 134, 138 (6th Cir. 1984).

[37] 28 U.S.C. § 2254(d)(1);  *Bronaugh v. Ohio*, 235 F.3d 280, 283-84 (6th Cir. 2000).

[38] *See*, ECF # 1 at 6.

[39] 28 U.S.C. § 2254(b); *In re Bowen*, 436 F.3d 699, 704 (6th Cir. 2006).

[40] 28 U.S.C. § 2254(b); *Rhines v. Weber*, 544 U.S. 269, 274 (2005); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).

[41] 28 U.S.C. § 2254(h); Rule 8(c), Rules Governing 2254 Cases.

[42] 28 U.S.C. § 2254(e)(2).

**B.    Standard of review**

*1.    AEDPA review*

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"),[43] codified at 28 U.S.C. § 2254, strictly circumscribes a federal court's ability to grant a writ of habeas corpus.[44]  Pursuant to AEDPA, a federal court shall not grant a habeas petition with respect to any claim adjudicated on the merits in state court unless the state adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established [f]ederal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the [s]tate court proceeding.[45]

The Supreme Court teaches that this standard for review is indeed both "highly deferential" to state court determinations,[46] and  "difficult to meet,"[47] thus, preventing petitioner and federal court alike "from using federal habeas corpus review as a vehicle to second-guess the reasonable decisions of state courts."[48]

---

[43] Pub. L. No. 104-132, 110 Stat. 1214 (1996).

[44]  *See* 28 U.S.C. § 2254 (2012).

[45]  28 U.S.C. § 2254(d) (2012).

[46] *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (citation omitted).

[47]  *Id.* (citation omitted).

[48] *Rencio v. Lett*, 559 U.S. 766, 779 (2010).

a.      *"Contrary to" or "unreasonable application of" clearly established federal law*

Under § 2254(d)(1), "clearly established Federal law" includes only Supreme Court holdings and does not include dicta.[49]  In this context, there are two ways that a state court decision can be "contrary to" clearly established federal law:[50] (1) in circumstances where the state court applies a rule that contradicts the governing law set forth in a Supreme Court case,[51] or (2) where the state court confronts a set of facts that are materially indistinguishable from a Supreme Court decision, but nonetheless arrives at a different result.[52]  A state court's decision does not rise to the level of being "contrary to" clearly established federal law simply because that court did not cite the Supreme Court.[53]  The state court need not even be aware of the relevant Supreme Court precedent, so long as neither its reasoning nor its result contradicts it.[54]  Under the "contrary to" clause, if materially indistinguishable facts confront the state court, and it nevertheless decides the case differently than the Supreme Court has previously, a writ will issue.[55]  When no such Supreme Court holding exists the federal habeas court must deny the petition.

---

[49] *Howes v. Fields*, 132 S.Ct. 1181, 1187 (2012) (quoting *Williams v. Taylor*, 529 U.S. 362, 412 (2000)).

[50]  *Brumfield v. Cain*, 135 S.Ct. 2269, 2293 (2015).

[51]  *Id.*

[52]  *Id.*

[53]  *Mitchell v. Esparza*, 540 U.S. 12, 16 (2003) (per curiam).

[54]  *Id.*

[55]  *See id.*

A state court decision constitutes an "unreasonable application" of clearly established federal law when it correctly identifies the governing legal rule, but applies it unreasonably to the facts of the petitioner's case.[56]  Whether the state court unreasonably applied the governing legal principle from a Supreme Court decision turns on whether the state court's application was objectively unreasonable.[57]  A state court's application that is "merely wrong," even in the case of clear error, is insufficient.[58]  To show that a state court decision is an unreasonable application, a petitioner must show that the state court ruling on the claim being presented to the federal court "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."[59]  Under the "unreasonable application" clause, the federal habeas court must grant the writ if the State court adopted the correct governing legal principle from a Supreme Court decision, but unreasonably applied that principle to the facts of the petitioner's case.

b.    *"Unreasonable determination" of the facts.*

The Supreme Court has recognized that § 2254(d)(2) demands that a federal habeas court accord the state trial courts substantial deference:[60]  Under § 2254(e)(1), "a

---

[56]  *White v. Woodall*, 134 S.Ct. 1697, 1699 (2014) (quoting *Williams v. Taylor*, 529 U.S. 362, 407 (2000).

[57]  *Id.*(quoting *Lockyear v. Andrade*, 538 U.S. 63, 75-76. (2003).

[58]  *Id.*

[59]  *Id.* (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011).

[60]  *Brumfield*, 135 S.Ct. at 2277.

-10-

determination of a factual issue made by a [s]tate court shall be presumed to be correct."[61] A federal court may not characterize a state court factual determination as unreasonable "merely because [it] would have reached a different conclusion in the first instance."[62] While such deference to state court determinations does not amount to an "abandonment or abdication of judicial review" or "by definition preclude relief,"[63] it is indeed a difficult standard to meet. "The role of a federal habeas court is to guard against extreme malfunctions in the state criminal justice systems, not to apply *de novo* review of factual findings and to substitute its own opinions for the determination made on the scene by the trial judges."[64]

## C.     Application of standard

In his sole ground for relief Risch maintains that the Ohio appeals court improperly denied him the right to appeal his conviction when it dismissed his appeal.

As noted, approximately eight months after being sentenced in March, 2013, Risch made a motion in the trial court in October, 2013 to withdraw his plea on the grounds that his counsel was ineffective, as well a *Brady* claim that the prosecution had withheld

---

[61] 28 U.S.C. § 2254(e)(1) (2012).

[62] *Brumfield*, 135 S.Ct. at 2277 (quoting *Wood v. Allen*, 558 U.S. 290, 301 (2010).

[63] *Id.* (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003) ("If reasonable minds reviewing the record might disagree about the finding in question, on habeas review that does not suffice to supersede the trial court's determination.") (internal quotation marks omitted)).

[64] *Davis v. Ayala*, 135 S.Ct. 2187, 2202 (2015) (citation omitted).

evidence of another DNA test.[65] After the court denied that motion in January, 2014,[66] Risch again moved to withdraw his plea in May, 2014, asserting the same *Brady* violation,[67] which motion was denied later that month.[68]

Only then, or in June, 2014 - more than one year after sentencing - did Risch seek to file a delayed appeal, once again raising the *Brady* claim.[69] As noted above, the motion was denied in July, 2014 because Risch had not filed a notice of appeal in the trial court as required by Ohio's appellate rules.[70]

In September, 2014 Risch again sought leave to file a delayed appeal to once more pursue his *Brady* claim.[71] In denying this second motion the Ohio appeals court noted:

> In this case, the court finds that the March 25, 2013 judgment entry in which the defendant was sentenced states that all parties were present at the sentencing hearing and, the defendant was afforded all rights pursuant to Crim.R.32. Further, the court stated that "The defendant was advised by the court and his attorney advised him of his right to appeal and that said appeal must be filed within 30 days of this court's final entry." Since the court speaks through its judgment entry, we find that the defendant was informed of his right to appeal his sentence.[72]

---

[65] ECF # 11, Attachment at 13, 22.

[66] *Id*. at 25.

[67] *Id*. at 27.

[68] *Id.* at 39.

[69] *Id*. at 40.

[70] *Id*. at 49.

[71] *Id*. at 52.

[72] *Id.* at 73.

The applicable federal law in this instance holds that a criminal defendant is denied due process as regards his appellate rights if he was not informed by counsel or the court of his right to appeal.[73]  The habeas petitioner has the burden of showing by the preponderance of the evidence that he was not informed of that right.[74]   Moreover, a habeas petitioner cannot base claim for habeas relief on any failure to inform him of his appellate rights if he already had personal knowledge of these rights.[75]

Here, the record is plain that Risch was informed of his appellate rights in a timely fashion by terms of the written plea agreement[76]and the judgment order.[77]  In addition, the Ohio appeals court in affirming the second denial of Risch's motion to file a delayed appeal specifically cited the findings of the trial court that Risch had been fully informed of his appellate rights at the time of judgment was entered.[78]   As the State notes, and as stated above, such a factual finding by the Ohio appeals court is here entitled to the presumption of correctness by the federal habeas court.

Therefore, on the current record, and viewed in light of the clearly established federal law cited above, I recommend that Risch's sole ground for habeas relief be denied after

---

[73] *Jacobs v. Mohr*, 265 F.3d 407, 419 (6th Cir. 2001)(citation omitted).

[74] *Wolfe v. Randle*, 267 F.Supp.2d 743, 748 (S.D. Ohio 2003)(citation omitted).

[75] *Id.* (citation omitted).

[76] ECF # 11, Attachment at 8.

[77] *Id*. at 11.

[78] *Id*. at 73.

AEDPA review on the basis that the decision of the Ohio appeals court in this matter was not an unreasonable application of the clearly established federal law applicable in this case. As the State suggests, the reason Risch did not timely file an appeal was not any failure of court or counsel to inform him of the appeals process or the time limitations, but the result of a mistaken effort to expend more than a year exclusively and unsuccessfully seeking relief through multiple motions in the trial court to withdraw his plea.[79]

## Conclusion

For the reasons stated above, I recommend that the *pro se* petition Jeremiah L. Risch for a writ of habeas corpus be denied as without merit.

Dated: January 4, 2017                    s/ William H. Baughman, Jr.
                                          United States Magistrate Judge

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[80]

---

[79] ECF # 11 at 10.

[80] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

-14-